Howry, Judge,
dissenting:
Never having participated in any decision declaring the rule that an extension of time for the completion of public work must be coextensive with the period of delay caused by the Government in the signing of a contract for such public work, and believing that the judicial function can not be invoked to legislate anything by way of an amendment to the provisions of section 3744 of the Eevised Statutes, I concur in the views set forth, in the foregoing dissent. The conceded obiter dicta in the Little Falls Knitting Co. case, *377 44 C. Cls. R., 1, does not establish the court’s right to interfere; and as to the other three cases upon which the majority opinion rests, the files of the court establish that there was no part taken by me in the views expressed in those cases on the rule announced.
The gravity of the conclusions reached by the majority in the announcement of a rule for court interference (for delay in signing) with the terms of Government contracts with private parties constrains me briefly to make these comments.
In superseding some of the provisions of the contract as made by this contracting company and the Government and practically injecting into the agreement a new term supplementary to that which both parties were satisfied to conclude, the court exercises dispensing power — the power to modify, abridge, and change the terms of an agreement which the parties themselves were satisfied with when the work was begun and which neither party to the agreement had any idea of altering or discharging when the work provided for was actually undertaken. This courts can not do in the absence of fraud, accident, or mistake.
There is no suggestion of anything of the kind. And without the existence of one or the other of these conditions of sufficient force for a court of equity to take hold and reform the contract which the parties have already made, there is no room for the application of any judicial rule to take from or add to the terms of the agreement. The books are full of cases to the effect that courts can not do for parties what they themselves have not attempted to do for their respective interests.
The rule declared is an impossible rule when bids have been accepted in response to departmental proposals, because of the consequences of putting into the contract something that the parties did not express, and taking out of the contract something that the parties did express. The court is without authority to prevent them from making lawful contracts in such way and on such time as to completion as they have seen fit to do.
The rule announced ignores Government necessity in those provisions common to nearly all contracts for the comple *378 tion of public work in a given time and providing for payment of liquidated damages to insure progress, not only for emergency work, but for tbe work of construction generally. Hindrances to Government work sometimes arise from insufficient appropriations, and sometimes from delay in the passage of expected appropriation bills which cause temporary executive inaction. The rule announced also disregards the well-known fact that the services of inspectors, supervising architects, and directing engineer officers can not be obtained promptly, and that necessity frequently arises for summoning suitable officials from distant parts of the country (engaged in work of a similar character) to begin duties on new undertakings. These considerations are as well known to bidders as to the executive departments when these contracts are , made and are taken into the calculations of bidders and acted upon by them when bids are made responsive to Government proposals.
The accuracy of the general proposition stated in the majority opinion, that when time is of the essence of the contract and the Government by its delay prevents performance within the contract time such delay will operate to waive the time limit and give successful bidders a reasonable time within which to perform, is not denied. But this general rule is without application for any delay in the consummation of the negotiations leading up to and ending in the written agreement. There may be instances of neglect on the part of the Government to become an actual signatory after a contractor has himself signed the proposed agreement. In such case every bidder can readily protect himself against the contingency of having to pay damages as liquidated for failure to perform by notifying the department that he can not do the work within the proposed time. If the delay in signing on the part of the defendants be such as to justify the bidders to refuse to proceed, it is not only their privilege but likewise their right to refuse to proceed. • In the present case the rule is inapplicable because the contractor made no complaint, entered no protest, nor raised objection of any kind when with the Government’s signature to the contract it proceeded with the work. The pros *379 pective profit on this contract was probably sufficient to induce the contractor to proceed with the undertaking when the notice was given to him to proceed. Whatever the reason for going on without objection, protest, <or complaint, there is nothing to indicate that this contractor was injured by any delay on the part of the defendants in closing the negotiations and notifying the contractor to proceed in accordance with the terms of the agreement as executed.
Finding XIII states the ultimate fact to be, so far as it is a question of fact, that defendants took 30 days more time than was reasonably necessary in getting the contracts to the claimant with notice of approval, and that in consequence the time for the completion was thereby extended for a like period. The majority makes of 'any delay for defendants not signing promptly unreasonable delay, thereby automatically moving up the time for completion regardless of the terms of the agreement. There is not enough in the other findings to admit of the stated ultimate fact that defendants took 30 days more time than was reasonably necessary to get the contract to the contractor with the departmental notice of approval. The conclusion contained in the thirteenth finding is less a matter of fact than a conclusion of law, and should not influence the decision in a matter that not only decides this case but goes far beyond it in the statement of a proposition likely to cause great embarrassment to the executive departments of the Government in making contracts for public work.